UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


BIRMINGHAM-JEFFERSON COUNTY )
TRANSIT AUTHORITY, et al. )
 )
v. ) No. 3:09-0304
 ) JUDGE CAMPBELL
DAVID J. BOATRIGHT )


MEMORANDUM

I.  Introduction

Pending before the Court is the Plaintiffs' Motion To Dismiss Portions Of Defendant's

Counterclaim For Failure To State A Claim (Docket No. 22).  The Defendant has not filed a

response to the Motion even though the deadline for filing a response has expired. (Docket No.

19, at p. 4).  For the reasons set forth below, the Motion is GRANTED in part, and DENIED in

part. The Motion is granted as to Defendant's counterclaims for fraud, intentional infliction of

emotional distress, estoppel, abuse of process, and civil conspiracy.  The Motion is denied as to

Defendant's counterclaim for quantum meruit.

II.  Factual and Procedural Background

The Plaintiffs, who are residents of Alabama, brought this diversity action seeking

damages for breach of contract and misrepresentation arising out of their relationship with the

Defendant, a Tennessee resident who allegedly performed actuarial services for the Plaintiff

Retirement Plan over several years. (Complaint (Docket No. 1)).  The Defendant has filed an

Answer to the Complaint that contains counterclaims for breach of contract/quantum meruit,

fraud, intentional infliction of emotional distress, estoppel, abuse of process, civil conspiracy,

and declaratory judgment. (Answer (Docket No. 12)). Plaintiffs' Motion To Dismiss seeks

dismissal of all counterclaims except breach of contract and declaratory judgment.

## III. Analysis

### A. The Standards Governing Motions To Dismiss

Under the Erie doctrine, federal courts sitting in diversity apply the substantive law of

the forum state and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817,

82 L.Ed. 1188 (1938); Biegas v. Quickway Carriers, Inc., 573 F.3d 365 (6th Cir. 2009). The

federal procedural rule governing Plaintiffs' Motion To Dismiss is Rule 12(b)(6) of the Federal

Rules of Civil Procedure. For purposes of a motion to dismiss under Rule 12(b)(6), the Court

must take all of the factual allegations in the complaint as true. Ashcroft v. Iqbal, 129 S.Ct.

1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice. Id. When there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1

As stated above, the Defendant has not filed a response to the pending motion to dismiss.

Local Rule 7.01(b) provides that failure to file a timely response to a motion shall indicate that

there is no opposition to the motion. The Sixth Circuit has held, however, that a court may not

rely on such a local rule in dismissing a case, but must examine the movant's motion on the

merits to determine whether it is entitled to relief under Fed.R.Civ.P. 12(b)(6). See, e.g., Carver

v. Bunch, 946 F.2d 451, 454-55 (6ᵗʰ Cir. 1991); Bangura v. Hansen, 434 F.3d 487, 498 (6ᵗʰ Cir. 2006).  On the other hand, it is not the duty of the court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." Guarino v. Brookfield Township Trustees, 980 F.2d 399, 406 (6ᵗʰ Cir. 1992).  The trial court's task, under these circumstances, is to "intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." Id., at 407.

B. Quantum Meruit

Plaintiffs first address the issue of the choice of substantive law to use in analyzing Defendant's counterclaims. Plaintiffs argue that the claims at issue are tort claims, and that Tennessee law applies in analyzing those claims. Under Tennessee conflicts of law doctrine, the state with the most significant relationship to the litigation governs tort claims. Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992); Lemons v. Cloer, 206 S.W.3d 60, 65-68 (Tenn. Ct. App. 2006).

According to the Plaintiffs, the Defendant is a Tennessee resident who maintained an office in Tennessee during the relevant time period and any injury would have been suffered here.  As stated above, the Defendant has not responded to the Motion, but the Court has seen nothing in his Answer to the Complaint (Docket No. 12) suggesting that the law of a state other than Tennessee should apply.  Therefore, the Court will apply the substantive law of Tennessee in analyzing Defendant's counterclaims.

Addressing the first counterclaim, Plaintiffs argue that the quantum meruit cause of action should be dismissed because both parties agree that a contract existed, but disagree about

3

whether the contract was breached. Under Tennessee law, a plaintiff may not recover under a quantum meruit theory if there is an existing, enforceable contract covering the same subject matter. <u>Mitch Grissom & Associates v. Blue Cross & Blue Shield of Tennessee</u>, 114 S.W.2d 531, 537 (Tenn. Ct. App. 2002). On the other hand, "'[a] party who had a contract at one time may pursue a quantum meruit recovery if the contract is no longer enforceable.'" <u>Id.</u>

The counterclaim at issue alleges that the Plaintiffs' "representation and promise to pay the Defendant for his unbilled time and service in compiling and producing the Actuary's Report to the Plaintiffs for the year ending 2008 constituted an implied promise and contract on which the Defendant's (sic) relied to his detriment." (Answer/Counterclaim, at ¶ 54 (Docket No. 12)). Viewed in the light most favorable to the non-movant, it is not clear from the pleadings that the services described by the Defendant in the counterclaim were performed during the time period covered by the alleged contract or were the type of services covered by the alleged contract. In addition, the quantum meruit counterclaim is titled "Breach of Contract/Quantum Meruit," and therefore, appears to be pled as an alternative theory in the event the alleged contract is found not to cover the described services. Thus, the Court concludes that Defendant's quantum meruit counterclaim adequately states a claim, and denies the Plaintiffs' motion to dismiss the counterclaim.

C. <u>Fraud</u>

Plaintiffs argue that the Defendant's counterclaim for fraud should be dismissed because it has not been pled with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud." To satisfy Rule 9(b), a complaint of fraud must allege: (1) the

4

time, place, and content of the alleged misrepresentation on which the plaintiff relied; (2) the

fraudulent scheme; (3) the fraudulent intent of the defendants; and (4) the injury resulting from

the fraud. United States v. BWXT Y-12, LLC, 525 F.3d 439, 444 (6th Cir. 2008).

The counterclaim alleges as follows:

> 57. The Plaintiffs willfully misrepresented to the Defendant that in exchange for the Defendant's labor and services in preparing the Actuary's Report to the Plaintiffs for the year ending 2008, the Plaintiffs would pay the Defendant a reasonable and customary amount for such labor and services and for additional unbilled labor and services previously performed.

> 58. Such willful misrepresentations were made by the Plaintiffs to the Defendant with the intent to induce the Defendant to act thereon, which he did to his detriment, without knowledge of the falsity of said willfully (sic) misrepresentations.

(Docket No. 12, at ¶¶ 57, 58).

Under Tennessee law, a promise of future conduct with the present intention not to

perform the conduct constitutes promissory fraud. See, e.g., Sanders v. First National Bank &

Trust Co., 936 F.2d 273, 278 (6th Cir. 1991); Styles v. Blackwood, 2008 WL 5396804, at * 5-7

(Tenn. Ct. App. Dec. 29, 2008). In order to prove a claim of promissory fraud, a plaintiff must

prove: (1) a promise of future conduct; (2) that was material; (3) made with the intent not to

perform; (4) that plaintiff reasonably relied upon; (5) to plaintiff's injury. Styles, Id., at *7. The

mere fact that the promisor failed to perform the promised act is insufficient by itself to prove

fraudulent conduct. Id.

Although the Defendant has generally alleged that the Plaintiffs induced him to perform

certain services and "willfully misrepresented" that they would pay him for those services, he

has provided no specifics regarding the alleged promise, such as the identity of the promisor(s),

5

the specific statements made by the promisor, or the date, time or circumstances when the alleged promise was made. Under these circumstances, the Court concludes that the Defendant has not pled fraud with particularity, and Plaintiffs' motion to dismiss the fraud counterclaim for failure to state a claim is granted.

D. Intentional Infliction Of Emotional Distress

Plaintiffs argue that Defendant's counterclaim for intentional infliction of emotional distress should be dismissed because it fails to sufficiently allege facts stating a claim for this tort. The Tennessee Supreme Court has explained that in order to state a claim for intentional infliction of emotion distress, a plaintiff must establish that: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was so outrageous that it cannot be tolerated by civilized society; and (3) the defendant's conduct resulted in serious mental injury to the plaintiff. Lourcey v. Estate of Scarlett, 146 S.W.3d 48, 51 (Tenn. 2004). It is not sufficient that the alleged conduct was tortious or even criminal. Id. The plaintiff must show that the alleged conduct was "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Id. (quoting Miller v. Willbanks, 8 S.W.3d 607, 614 (Tenn. 1999)).

Defendant's counterclaim incorporates factual allegations essentially describing mismanagement and misconduct regarding the operation of the Plaintiff Retirement Plan over the course of several years, as well as the Plaintiffs' failure to pay him for his services. (Docket No. 12, at ¶¶ 1-58).

The allegations of the counterclaim do not rise to the level of outrageous conduct as described by the Tennessee courts. At most, the allegations describe white-collar criminal

6

conduct, not directly aimed at the Defendant, and a failure to pay for services rendered. Plaintiffs' motion to dismiss this counterclaim is granted.

E.  Estoppel

Plaintiffs argue that Defendant's counterclaim for estoppel should be dismissed because Tennessee does not recognize estoppel as an independent tort.  The Tennessee courts have held that the doctrine of estoppel "is available to protect a right but not to create one." Franklin v. St. Paul Fire & Marine Ins. Co., 534 S.W.2d 661, 666 (Tenn. Ct. App. 1975).  It cannot be invoked offensively to create a right to compensation. Sexton v. Sevier County, 948 S.W.2d 747, 751 (Tenn. Ct. App. 1997).

Defendant's counterclaim essentially alleges that Plaintiffs' conduct in extreme mismanagement of the pension fund and retaliatory acts taken against the Defendant after he refused to cover up the mismanagement entitle him to compensatory and punitive damages, lost wages, costs and interest. (Docket No. 12, at ¶¶ 62-68).

The Court agrees with the Plaintiffs that the Defendant is seeking to rely on a theory of estoppel as a basis for recovering damages against the Plaintiffs.  Such a basis for recovery is not recognized by Tennessee law.  Therefore, Plaintiffs' motion to dismiss this counterclaim is granted.

F. Abuse of Process

Plaintiffs argue that Defendant's counterclaim for abuse of process should be dismissed because the Defendant has not alleged that the Plaintiffs have engaged in an improper act after filing the instant lawsuit that would constitute an abuse of process under Tennessee law.

The Tennessee courts have explained that there are two actions that may be brought to

7

redress the alleged misuse of the legal process by another: malicious prosecution and abuse of process. Bell v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg., 986 S.W.2d 550, 555 (Tenn. 1999). To establish a claim of malicious prosecution, the plaintiff must show that the defendant maliciously brought a prior suit against him without probable cause, and that the prior suit terminated in favor of the plaintiff. Id. To establish a claim for abuse of process, the plaintiff must show: (1) the existence of an ulterior motive; and (2) an act in the use of process other than one that would be proper in the regular prosecution of the charge. Id. A plaintiff must show some "additional abuse of process after the *original* processes of the court, *i.e.*, the complaint, summons, and responsive pleadings, have been issued." Givens v. Mullikin, 75 S.W.3d 383, 403 (Tenn. 2002). "[I]t is this requirement alone that distinguishes this tort from that of malicious prosecution, which arises solely upon the filing of a complaint without probable cause." Id.

In this case, Defendant has titled his counterclaim "abuse of process" and alleges that the Plaintiffs had an ulterior purpose in filing the instant action, and that the "filing of this action" was done wrongfully and to maliciously abuse the process. (Docket No. 12, at ¶¶ 69-72).

The Defendant has not sufficiently alleged the tort of abuse of process because he has not alleged that the Plaintiffs have engaged in an additional abuse of process beyond the filing of the complaint as required under Tennessee law. Therefore, Plaintiffs' motion to dismiss this counterclaim is granted.

G. Civil Conspiracy

Plaintiffs argue that the Defendant has not sufficiently alleged a counterclaim for civil conspiracy because the claim lacks specificity.

In Tennessee, a civil conspiracy is defined as a "'combination between two or more

8

persons to accomplish by concert an unlawful purpose, or to accomplish a purpose not in itself unlawful by unlawful means,'" which results in damage to the plaintiff. Chenault v. Walker, 36 S.W.3d 45, 52 (Tenn. 2001)(quoting Dale v. Thomas H. Temple Co., 186 Tenn. 69, 90, 208 S.W.2d 344, 353 (1948)); Trau-Med of Am., Inc. v. Allstate Ins. Co, 71 S.W.3d 691, 703 (Tenn. 2002). Participating in a civil conspiracy is not an independent tort. Stanfill v. Hardney, 2007 WL 2827498, at *7 (Tenn. Ct. App. Sept. 27, 2007). It is a derivative claim that requires the existence of an underlying tort or wrongful act committed by one or more of the conspirators in furtherance of the conspiracy. Id.

A civil conspiracy claim is a means of extending liability beyond the active wrongdoer to those who planned, assisted or encouraged the wrongdoer's acts. Id. Thus, the members of the civil conspiracy are jointly and severally liable for all the damages caused by the other conspirators even if they did not commit tortious or wrongful acts themselves. Id.

In order to establish a civil conspiracy, the plaintiff must show: (1) an agreement between two or more persons; (2) to engage in some concerted action either for an unlawful purpose or for a lawful purpose by unlawful means; (3) the commission of a tortious or wrongful act by one or more of the conspirators; and (4) resulting injury or damage to person or property. Id.

In this case, Defendant's civil conspiracy counterclaim provides, in pertinent part, as follows:

> 73.  Paragraphs One (1) through Seventy-Two (72) are re-alleged and incorporated herein by reference and made Paragraph Seventy-Three (73).

> 74.  The Plaintiffs acted and conspired together to falsely accuse the Defendant as described above; to withhold payment of the Defendant's legitimate

9

itemized bill as presented in January, 2008 and to bring this frivolous action to discredit the Defendant and as retribution for the Defendant's refusal to misrepresent and mislead the local union membership as to the mismanagement of the pension plan and the resulting injury to the fund.

      75. As a result of the Plaintiffs' above-described conduct, the Defendant was caused to suffer and continues to suffer financial loss and damages, mental and emotional anguish and damage to his personal and professional reputation.

(Docket No. 12, at ¶¶ 73-75).

Although the Defendant alleges that he was damaged by certain conduct on the part of the Plaintiffs, he does not identify the underlying tort alleged to have been committed by one or more of them. Defendant does not allege that one or more of the Plaintiffs engaged in libel or slander in their alleged efforts to discredit him, nor does he allege that he has been maliciously prosecuted. The torts allegedly committed by the Plaintiffs as identified by the Defendant in separate counterclaims, such as abuse of process, are not viable claims for the reasons described above. Thus, Defendant has failed to sufficiently allege the commission of a tortious or wrongful act by one or more of the conspirators as required by Tennessee law. Accordingly, the motion to dismiss Defendant's counterclaim for civil conspiracy is granted.[1]

## IV. Conclusion

For the reasons set forth herein, the Plaintiffs' motion to dismiss is granted in part, and denied in part.

---

[1] Plaintiffs also seek dismissal of Paragraphs 2 through 47 of the counterclaim based on their contention that Defendant lacks standing to bring the claims. The cited paragraphs are factual allegations preceding the specific counterclaims that follow, and are incorporated in the counterclaims by reference. As the factual allegations do not purport to state a claim separate and apart from the counterclaims that follow, the Court finds it unnecessary to address Plaintiffs' argument.

10

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT COURT

11