IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BIRMINGHAM-JEFFERSON COUNTY TRANSIT AUTHORITY AND AMALGAMATED TRANSIT UNION LOCAL 725 EMPLOYEES' CONTRIUTORY RETIREMENT PLAN, et al. | ) ) ) ) NO. 3:09-0304 ) JUDGE CAMPBELL ) |
| v. | ) ) |
| DAVID J. BOATWRIGHT | ) |

MEMORANDUM

Pending before the Court are Defendant's Motion to Change Venue (Docket No. 38), Defendant's Motion for Summary Judgment (Docket No. 78) and Defendant's Motion for Deferment of Ruling on Defendant's Motion to Transfer Venue (Docket No. 88).

For the reasons stated herein, Defendant's Motion to Change Venue (Docket No. 38) is DENIED; Defendant's Motion for Summary Judgment (Docket No. 78) is DENIED without prejudice to refiling once discovery is complete; and Defendant's Motion for Deferment of Ruling on Defendant's Motion to Transfer Venue (Docket No. 88) is moot.

FACTS

Plaintiffs brought this diversity action against Defendant on March 30, 2009, alleging breach of contract and misrepresentation arising from Defendant's actuarial services allegedly performed for the Plaintiff Retirement Plan over several years. Defendant filed an Answer and Counterclaims against the Plaintiffs on May 28, 2009. An initial case management conference was held on June 15, 2009.

Plaintiffs thereafter filed a Motion to Dismiss the Counterclaims, which was granted in part and denied in part by this Court on August 20, 2009. Docket No. 25. Defendant filed a Motion to Change Venue on September 22, 2009. A settlement conference was held on November 5, 2009. Plaintiffs filed Motions to Compel on October 9, 2009, and October 23, 2009. On November 30, 2009, counsel for Defendant moved to withdraw from the case. On January 5, 2009, Defendant filed a Motion for Summary Judgment.

## MOTION TO CHANGE VENUE

Pursuant to 28 U.S.C. § 1404, for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court where it might have been brought. Defendant asks the Court to transfer this action to the U.S. District Court for the Northern District of Alabama. The burden is on the moving party to demonstrate that transfer is appropriate, and the plaintiff's choice of venue should not be lightly disturbed. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). A district court has broad discretion to grant or deny a motion to transfer a case. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

Defendant argues, among other things, that most of the identified potential witnesses in this case reside in Birmingham, Alabama; that Plaintiffs' sole place of business is in Birmingham; that all relevant documents are in Birmingham; and that Alabama has a great local interest in this case. Plaintiffs maintain, among other things, that their choice of a forum should be given substantial weight in the Court's decision; that Defendant cannot rely on the inconvenience of the Plaintiffs or their witnesses to support his Motion; that the relevant documents are actually at Defendant's office in Tennessee; and that Tennessee law applies to this action.

As indicated above, this action has been pending here for ten months. The parties have proceeded with dispositive motions and a settlement conference. Defendant has filed Counterclaims against the Plaintiffs here and has now filed a Motion for Summary Judgment. The case is set for a bench trial here on July 27, 2010.

The Court, in its discretion, finds that Plaintiffs' choice of forum in this case should not be disturbed. Particularly given the progress of the case in this Court, Defendant has not shown that the interests of justice would be served by transferring the action to Alabama.

## MOTION FOR SUMMARY JUDGMENT

Defendant has filed a Motion for Summary Judgment (Docket No. 78), arguing there is no genuine issue as to any material fact herein and Defendant is entitled to judgment as a matter of law. Plaintiffs have filed a Response, indicating that because they have not been given a full opportunity for discovery, they cannot adequately respond to Defendant's Motion. Docket No. 91. There are outstanding Motions to Compel (Docket Nos. 44 and 46).

Fed. R. Civ. P. 56(f) provides that the Court may deny this Motion if the Plaintiffs show, by Affidavit, that they cannot present facts essential to justify their position. Plaintiffs have made that showing through the Affidavit of R. Jan Jennings (Docket No. 90).

Accordingly, Defendant's Motion for Summary Judgment (Docket No. 78) is DENIED without prejudice to its being refiled once discovery is complete.

## MOTION FOR DEFERMENT OF RULING ON MOTION TO TRANSFER

Defendant has also filed a Motion for Deferment of Ruling on Defendant's Motion to Transfer Venue (Docket No. 88), asking the Court, basically, to rule on Defendant's Motion for Summary Judgment first. This Motion is now moot.

3

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4