UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BIRMINGHAM-JEFFERSON COUNTY )
TRANSIT AUTHORITY AND )
AMALGAMATED TRANSIT UNION LOCAL )
725 EMPLOYEES' CONTRIBUTORY )
RETIREMENT PLAN, et al., )
)
       Plaintiffs, ) Case No. 3:09-0304
) Judge Campbell/Bryant
  v. )
)
DAVID J. BOATRIGHT, )
)
       Defendant. )

**O R D E R**

Plaintiffs have filed their motion to strike as immaterial and impertinent certain paragraphs of defendant's initial counterclaim (Docket Entry No. 12), and defendant's amended counterclaim (Docket Entry No. 26) in its entirety for defendant's failure to obtain leave of court to amend, as required by Rule 15(a)(2), Federal Rules of Civil Procedure.

Defendant Boatright, who is proceeding pro se, has filed a response in opposition (Docket Entry No. 86).

For the reasons stated below, plaintiffs' motion to strike is **GRANTED** in part and **DENIED** in part.

With respect to defendant's original counterclaim, plaintiffs argue that paragraphs 7 through 30 and 33 through 42 should be dismissed pursuant to Rule 12(f) as immaterial and impertinent. As a general characterization, these paragraphs purport to describe certain criminal conduct and mismanagement on

the part of plaintiffs and others with respect to the subject retirement fund. Defendant, in argument, maintains that the events alleged in these paragraphs are relevant because they influenced the scope of work he was called upon to do as actuary for the plaintiffs' fund. The undersigned Magistrate Judge lacks sufficient information to determine at this time whether proof of some or all of the events alleged in these paragraphs will be relevant at trial, and the Court, therefore, makes no such finding at this time. Nevertheless, the Court is unable to find that the events alleged in these paragraphs are redundant, immaterial, impertinent or scandalous within the context of Rule 12(f). Therefore, with respect to plaintiffs' motion seeking to strike these numbered paragraphs in the defendant's original counterclaim, plaintiffs' motion is **DENIED**.

With respect to defendant's amended counterclaim (Docket Entry No. 26), the Court observes that the Chief Judge previously has granted plaintiffs' motion to dismiss defendant's counterclaims for fraud, intentional infliction of emotional distress, estoppel, abuse of process, and civil conspiracy (Docket Entry No. 25). By his later filed amended counterclaim (Docket Entry No. 26), defendant apparently seeks to resurrect a number of these claims. Significantly, however, defendant did not have the right to file this amended counterclaim without consent of the plaintiffs or the leave of court. Rule 15(a)(2). Defendant here obtained neither. Therefore, defendant's amended counterclaim was filed in violation

of Rule 15. With respect to defendant's amended counterclaim (Docket Entry No. 26), plaintiffs move to strike is **GRANTED**.

It is so **ORDERED**.

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
United States Magistrate Judge