```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

BIRMINGHAM-JEFFERSON COUNTY       )
TRANSIT AUTHORITY AND             )
AMALGAMATED TRANSIT UNION LOCAL   )
725 EMPLOYEES' CONTRIBUTORY       )
RETIREMENT PLAN, et al.,          )
                                  )
        Plaintiffs,               )   Case No. 3:09-0304
                                  )   Judge Campbell/Bryant
     v.                           )
                                  )
DAVID J. BOATRIGHT,               )
                                  )
        Defendant.                )

## O R D E R

Two related motions pertaining to discovery are pending in this case. Defendant David J. Boatright, who is proceeding pro se, has filed his "Motion For A Determination By The Magistrate Judge Pursuant To Federal Rules Of Civil Procedure 37(b)(2)" (Docket Entry No. 156). The undersigned Magistrate Judge liberally construes this filing to be a motion for impositions of sanctions for failure to obey an order to provide discovery, pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure. Plaintiffs have filed a response in opposition (Docket Entry No. 162).

Defendant also has filed his "Motion To Supplement His Prior Motion And Memorandum For An Order Under Rule 37(b)(2)" (Docket Entry No. 176). Plaintiffs have responded to this motion as well (Docket Entry No. 184).

As an initial matter, the undersigned Magistrate Judge **GRANTS** defendant's motion (Docket Entry No. 176) to supplement his

earlier motion. The Court has read and considered both defendant's earlier motion for determination (Docket Entry No. 156) and his motion to supplement his filings in support of both of these motions and plaintiffs' responses.

In substance, defendant Boatright moves for imposition of discovery sanctions for plaintiffs' alleged failure to comply with the Court's order (Docket Entry No. 143) compelling plaintiffs to respond to defendant's written discovery on or before April 20, 2010. In his motion, defendant Boatright states that on April 21, 2010, he received an envelope that contained "either incomplete responses or no responses on these discovery requests to plaintiffs." Defendant repeats this same assertion in his supporting memorandum (Docket Entry No. 157) and again in his supporting declaration (Docket Entry No. 158). In his declaration filed in support of his motion to supplement, defendant states as follows: "On April 21, 2010, I received an envelope that contained either incomplete responses or no responses on these discovery requests to Plaintiffs." (Docket Entry No. 178).

In opposition to defendant's motion for sanctions, plaintiffs in substance make two arguments. First, they assert "that they have fully and completely complied with the Order of Magistrate Judge Bryant by providing to defendant" responses to defendant's written discovery requests (Docket Entry No. 184). In addition, plaintiffs argue that defendant's motion for sanctions should be rejected by the Court because defendant has failed to

comply with Local Rule 37.01(b)(2) and (b)(3). (Docket Entry Nos. 162 and 184).

Local Rule 37.01 governs discovery motions and it provides that a motion to compel discovery in accordance with Rule 37 (as well as Rules 30, 33, 34 and 36) shall quote verbatim each interrogatory, request for admission or request for production that is the subject of the motion and include the response of the adverse party. The rule requires the moving party to include the "reasons assigned as supporting the motion, addressed to each specific interrogatory, request for admission or request for production." Finally, subsection (b)(3) requires the moving party to certify that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that, following this attempt, the parties had been unable to reach a resolution.

In this case, defendant has not filed with the Court a copy of plaintiffs' responses to the discovery giving rise to this motion. In the absence of such responses, the undersigned Magistrate Judge is left with the defendant's naked claim that plaintiffs' responses were either incomplete or nonexistent, countered by plaintiffs' assertions that they have answered fully and completely.

Because defendant has failed to comply with the requirements of Rule 37.01 and, in doing so, has deprived the Court of the ability to determine the merits of his motion, defendant's

motion for a determination regarding the imposition of sanctions under Rule 37(b)(2) (Docket Entry No. 156) is **DENIED**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
