```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

BIRMINGHAM-JEFFERSON COUNTY       )
TRANSIT AUTHORITY AND             )
AMALGAMATED TRANSIT UNION LOCAL   )
725 EMPLOYEES' CONTRIBUTORY       )
RETIREMENT PLAN, et al.,          )
                                  )
            Plaintiffs,            )   Case No. 3:09-0304
                                  )   Judge Campbell/Bryant
        v.                        )
                                  )
DAVID J. BOATRIGHT,               )
                                  )
            Defendant.             )

## MEMORANDUM AND ORDER

Defendant David J. Boatright, proceeding pro se, has filed his "Motion For Leave To File A Motion To Reinstate His Amended Counterclaim" (Docket Entry No. 181). Plaintiffs have responded in opposition (Docket Entry No. 185).

Defendant in substance argues that the undersigned Magistrate Judge erred when he previously ordered (Docket Entry No. 142) that defendant's amended counterclaim (Docket Entry No. 26) should be stricken, and that upon due reconsideration this earlier order should be vacated and defendant's amended counterclaim reinstated. In support of his motion, defendant relies upon a letter dated April 7, 2010, written by defendant's former counsel, James M. Wooten, and addressed to the undersigned Magistrate Judge (Docket Entry No. 183-1).

## Chronology of Pertinent Filings

On May 28, 2009, defendant filed his original answer and counterclaim (Docket Entry No. 12).

On July 7, 2009, plaintiffs filed their motion to dismiss portions of defendant's counterclaim for failure to state a claim (Docket Entry No. 22). On August 20, 2009, the Court entered its order granting in part and denying in part plaintiffs' motion to dismiss portions of defendant's counterclaim. In particular, the Court dismissed defendant's counterclaims for fraud, intentional infliction of emotional distress, estoppel, abuse of process, and civil conspiracy (Docket Entry No. 25).

Five days later, on August 25, 2009, without seeking leave of court or consent of plaintiffs, defendant filed his amended answer to the complaint and amended counterclaim (Docket Entry No. 26). Significantly, defendant's amended counterclaim included counts of fraud, abuse of process, and civil conspiracy, all of which had been dismissed by order of the Court five days earlier.

## Analysis

Defendant in his motion argues that, pursuant to Rule 15 of the Federal Rules of Civil Procedure as it existed in August 2009,[1] he had a right to file an amended counterclaim without leave

---

[1] The operative provisions of Rule 15 were amended effective December 1, 2009. Defendant's filing is analyzed in this memorandum according to the rule as it existed in August 2009.

of court because, at the time he filed his amended counterclaim, plaintiffs had not filed a responsive pleading. It is true that a motion to dismiss for failure to state a claim does not constitute a responsive pleading for purposes of the rule governing amendment of pleadings. Rule 15(a)(1)(A), Federal Rules of Civil Procedure. Therefore, had defendant filed his amended counterclaim after plaintiffs filed their motion to dismiss but before the Court ruled on plaintiffs' motion, defendant would have possessed the right to file his amended counterclaim without seeking leave of court. Here, however, the Court had granted plaintiffs' motion and had dismissed several of the causes of action in defendant's counterclaim before the amended counterclaim was filed.

The majority of circuit courts that have addressed this specific issue have concluded that the right under Rule 15(a) to amend a pleading once as a matter of course terminates upon the granting of a motion to dismiss and the dismissal of the claims or counterclaims; once the motion to dismiss has been granted, a party may not amend or replead except with leave of court. United States v. Union Corp, 194 F.R.D. 223, 229-36 (E.D. Pa. 2000)(citing cases). The parties have not cited any cases in which the Sixth Circuit Court of Appeals has ruled on this precise issue, and the undersigned Magistrate Judge is unaware of any such ruling. Therefore, this Magistrate Judge finds that the majority rule should be applied here. Since the Court in this case had dismissed for failure to state a claim most of the counterclaims which

defendant seeks to resuscitate in his amended pleading, the undersigned Magistrate Judge finds that leave of court to file the amended counterclaim was required, but not sought.

In addition, the undersigned Magistrate Judge finds that the amended counterclaim, had it been allowed, would have been futile. Having reviewed the grounds cited by the Court in dismissing the counts of fraud, abuse of process, and civil conspiracy in the original counterclaim (Docket Entry No. 24), the undersigned Magistrate Judge finds that the counts in the amended counterclaim for these three causes of action fail to cure the deficiencies relied upon by the Court in dismissing these counts originally.

For the reasons stated above, the undersigned Magistrate Judge **DENIES** defendant's motion for leave to reinstate his amended counterclaim (Docket Entry No. 181).

It is so **ORDERED**.

                                              s/ John S. Bryant
                                              JOHN S. BRYANT
                                              United States Magistrate Judge