```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

BIRMINGHAM-JEFFERSON COUNTY        )
TRANSIT AUTHORITY AND              )
AMALGAMATED TRANSIT UNION LOCAL)
725 EMPLOYEES' CONTRIBUTORY        )
RETIREMENT PLAN, et al.,           )
                                   )
          Plaintiffs,              )   Case No. 3:09-0304
                                   )   Judge Campbell/Bryant
     v.                            )
                                   )
DAVID J. BOATRIGHT,                )
                                   )
          Defendant.               )

## O R D E R

Defendant Boatright, who is proceeding pro se, has filed his motion for a conference hearing or, alternatively, for reconsideration of the court order of June 16, 2010 (#195) (Docket Entry No. 199). By his motion, defendant seeks a reconsideration of the Court's previous denial (Docket Entry No. 195), of defendant's Rule 37 motion for sanctions for failure to respond to discovery.

In support of his motion to reconsider, defendant has filed copies of plaintiffs' responses to nine sets of written discovery served by defendant:

    Plaintiffs' Response to Defendant's First Set of Requests for Admissions (Docket Entry No. 201, pp. 3 et seq.);

    Plaintiffs' Response to Defendant's Second Set of Requests for Admissions (Docket Entry No. 201, pp. 7 et seq.);

    Plaintiffs' Response to Defendant's Fourth Set of Requests for Admissions (Docket Entry No. 201, pp. 9 et seq.);

Plaintiffs' Response to Defendant's First Production of Documents Discovery Request (Docket Entry No. 201, pp. 17 et seq.);

Plaintiffs' Response to Defendant's Second Set Consolidated Discovery Request (Docket Entry No. 201, pp. 21 et seq.);

Plaintiffs' Response to Defendant's First Set Consolidated Discovery Request (Docket Entry No. 201, pp. 26 et seq.);

Plaintiffs' Response to Defendant's Second Production of Documents Discovery Request (Docket Entry No. 201, pp. 34 et seq.);

Plaintiffs' Response to Defendant's Third Set of Requests for Admissions (Docket Entry No. 201, pp. 43 et seq.); and

Plaintiffs' Response to Defendant's Third Set of Requests for Admissions (Docket Entry No. 201, pp. 61 et seq.).

From a review of these discovery responses, it appears that plaintiffs have served answers or objections in response to all written discovery requests served by defendant. In both his memorandum and his declaration filed in support of his motion for reconsideration, defendant makes the blanket assertion that "these responses from Plaintiffs are either incomplete responses or no responses on these discovery requests to Plaintiffs." (Docket Entry Nos. 200 and 201). Beyond this general assertion, defendant fails to challenge specifically any particular response or objection served by plaintiffs. Apparently, defendant expects the Court to conduct an independent review of these responses and objections and to guess or speculate about the grounds upon which defendant asserts that these responses are inadequate or insufficient.

Local Rule 37.01, which governs discovery motions, requires that a party moving for relief in a discovery dispute

state specifically the grounds for his objection or challenge to each individual discovery request or response. The rule states in pertinent part: "Such objections and grounds shall be addressed to the specific deposition question, interrogatory, request for admission, or request for production and may not be made generally." Local Rule 37.01(b)(2)(c). Defendant has wholly failed to comply with this requirement of the Local Rule, but instead has relied on a blanket assertion that the "responses from Plaintiffs are either incomplete responses or no responses." In the absence of any challenge to any specific interrogatory, request for production, or request for admissions, the Court is unable to grant defendant the relief he seeks.

For the reasons stated above, defendant's motion for a conference hearing or for reconsideration is **DENIED**.

It is so **ORDERED**.

                                                  s/ John S. Bryant
                                                  JOHN S. BRYANT
                                                  United States Magistrate Judge