IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BIRMINGHAM-JEFFERSON COUNTY TRANSIT AUTHORITY AND AMALGAMATED TRANSIT UNION LOCAL 725 EMPLOYEES' CONTRIBUTORY RETIREMENT PLAN, et al. | ) ) ) ) NO. 3:09-0304 ) JUDGE CAMPBELL ) ) |
| v. | ) ) |
| DAVID J. BOATWRIGHT | ) |

ORDER

Pending before the Court is Defendant's Motion for Mistrial or Alternatively New Trial for Failure of Court to Recuse (Docket No. 264). For the reasons stated from the bench at the end of the trial, Defendant's Motion for Mistrial and Defendant's Motion for New Trial for Failure of Court to Recuse are both DENIED.

Defendant argues that the undersigned should have recused himself from this action because of his relationships with the late Senator Albert Gore, Sr. and with former Vice President Albert Gore, Jr. Docket No. 264. This argument was never raised until after the Court announced its ruling at the end of the trial.

Defendant contends that the late Senator Albert Gore, Sr. was affiliated with the Chicago law firm of Tom Angell, counsel for Plaintiffs in this matter. As evidenced by the Declaration of Joseph M. Burns (Docket No. 270), Senator Albert Gore, Sr. was never affiliated with Mr. Angell's law firm. The Albert Gore referenced on the firm letterhead was a Chicago labor attorney, not a Tennessee senator. Docket No. 270. Nonetheless, as the undersigned clearly explained in open

1

court after the trial, nothing about his former relationships with Senator Gore and Vice President Gore had any bearing whatsoever on his decision in this case.

Secondly, Defendant contends that he is entitled to a mistrial or new trial because Tom Angell and his law firm have been involved in theft, diversion and mismanagement of money from the Plaintiff's pension plan. Docket No. 264. This allegation is irrelevant to the Court's ruling on the breach of contract issues in this action and played no part in the Court's decision.

Defendant also argues that he is entitled to a mistrial or new trial because the Court prohibited Defendant from using any matters related to the theft, diversion and mismanagement at trial. Docket No. 264. This evidence was excluded as irrelevant to the breach of contract issues at trial and nothing in the pending Motion changes that ruling.

In his Memorandum accompanying this Motion, Defendant also alleges certain misconduct of Plaintiffs' counsel, Mr. Ferguson (Docket No. 265), misconduct which Mr. Ferguson denies. Docket No. 271. This argument was never raised until after the judgment of the Court was announced at the end of the trial. The Court finds no basis for a mistrial or new trial in this contested allegation.

Defendant raises various other arguments in his Memorandum (Docket No. 265), arguments which go to the merits of his case and were made at trial. Nothing repeated by Defendant in this Memorandum changes the judgment of the Court.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE